IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

BARBARA AMMON,

    Plaintiff,

vs.                              Case No.:

MIDLAND FUNDING, LLC., and    Correct Case Number: 12SC-2522
MIDLAND CREDIT MANAGEMENT, INC.,
                         Verified On 11/15/12

    Defendants.           Deputy Clerk Initials KA
                            Richard M. Weiss, Clerk of Circuit Court

## COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT and VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and DEMAND FOR JURY TRIAL

### I.
### INTRODUCTION

1. This is an action for damages brought by Plaintiff, BARBARA AMMON, an individual consumer against the Defendants, MIDLAND FUNDING, LLC., and its servicer MIDLAND CREDIT MANAGEMENT, INC. (hereinafter collectively referred to as "Defendants"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and for violation of the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II.
### JURISDICTION AND VENUE

2. This is a complaint for damages which does not exceed $2,500.00 exclusive of costs, interest, and attorney's fees. Venue in this county is proper in that Defendants transact

business here and throughout the State of Florida, and the conduct complained of occurred in Polk County, Florida, and is in compliance Section 559.77(1), Florida Statutes.

## III.
## PARTIES

3. Plaintiff, BARBARA AMMON, is a natural person residing in Lakeland, Polk County, Florida (hereinafter referred to as "Plaintiff"). Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and as defined by Section 559.55(1), Florida Statutes.

4. Defendant, MIDLAND FUNDING, LLC. (hereinafter referred to as "MIDLAND FUNDING" or collectively as "Defendants"), is a foreign limited liability company registered in the State of Florida with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and by Section 559.55(6), Florida Statutes.

5. Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter referred to as "MIDLAND CREDIT" or collectively as "Defendants"), is a foreign corporation organized and existing under the laws of the State of Kansas, with its principal place of business at 8875 Aero Drive Suite 200, San Diego, CA 92123 (San Diego County), and whose principle business is servicing, purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and by Section 559.55(6), Florida Statutes.

6. It is upon information and belief that MIDLAND CREDIT is the servicer of MIDLAND FUNDING, the purported owner of a debt account identified below in paragraph 9. As such, MIDLAND FUNDING is liable for the debt collection violations of MIDLAND CREDIT, its servicer and agent, in attempting to collect on the alleged debt. Therefore, the liability of MIDLAND CREDIT applies equally to MIDLAND FUNDING (and visa versa) as

MIDLAND FUNDING was acting through MIDLAND CREDIT.

7. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. At all times material to the allegations of this complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

## IV.
## FACTUAL ALLEGATIONS

9. Upon information and belief, Plaintiff incurred a financial obligation through Bank of Delaware Tribute MasterCard for the issuance of a credit card and for the extension of credit which was primarily for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and by Section 559.55(1), Florida Statutes (hereafter referred to as the "Debt").

10. It is upon information and belief, that sometime thereafter, Defendants became either the owner of the Debt or the servicer of the Debt.

11. It is upon information and belief that sometime thereafter, Defendants began collection activity to collect the allege Debt.

12. On or about September 10, 2012, Plaintiff received a telephone call from a representative of Defendants with regard to the debt which is identified in paragraph 9 above.

13. On or about September 12, 2012, Plaintiff advised Defendants in writing pursuant to 15 U.S.C. § 1692g(a) that Plaintiff disputed the debt requested verification of the debt and to cease all direct communication and contact with Plaintiff. Defendants received the September 12, 2012 notification letter by facsimile on September 12, 2012. A true and correct copy of the September 12, 2012, notification letter with facsimile receipt is marked and attached hereto as Exhibit "A".

14. The above noted notification letter to Defendant from Plaintiff placed Defendant on notice that Plaintiff disputed the debt and did not wish to be directly communicated with or contacted by Defendant regarding the debt which is identified in paragraph 9 above, and for Defendant to verify the debt and to not contact Plaintiff at Plaintiff's home telephone number, Plaintiff's cellular telephone number or Plaintiff's work telephone number.

15. Subsequent to receipt of the notification letters, and in violation of the requests made in the above noted notification letters, Plaintiff has received telephone calls from Defendant with regard to the debt which was identified in paragraph 9 above. This direct telephone contact by Defendant with Plaintiff constitutes a "communication" as defined by 15 U.S.C. §1692a (2) and as defined by Section 559.55(5), Florida Statutes.

16. From the date of receipt of the "verification letter", September 12, 2012 to the date of the telephone communications noted in paragraphs 13 above, Defendants have failed to comply with 15 U.S.C. § 1692g(a) and (b), and provide verification of the debt as requested by Plaintiff and to cease all collection activities on the date the request for verification was received until Defendants provided an appropriate verification as required by statute.

17. This harassment, as shown above, has been carried out by telephone calls to Plaintiff by Defendants.

18. The purpose of the calls is to harass Plaintiff.

19. The above noted activity by Defendants is in direct violation of and prohibited by the FCCPA and the FDCPA.

20. The acts and omissions of Defendants and by others employed or as agents of Defendants, who communicated with Plaintiff, as more fully described herein, were committed within the time and space limits of their employment or agency relationship with Defendants.

21. The acts and omissions by Defendants and by others employed or as agents of Defendants, were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform at the request of the Defendants.

22. By committing the above acts and omissions against Plaintiff, Defendants and the others employed or as agents of Defendants, were motivated to benefit Defendants.

23. Defendants are liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of federal and state law by Defendants, and by others employed or as agents of Defendants, including but not limited to violations of the FCCPA and the FDCPA, in their attempts to collect a debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates Paragraphs 1 through 23.

25. The telephone calls noted herein constitute a "communication" as defined by 15 U.S.C. §1692a(2).

26. The acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

27. The Defendants and its agents violated 15 U.S.C. § 1692d and 15 U.S.C. §1692d(5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. The Defendants and its agents violated 15 U.S.C. § 1692g(b) by continuing collection activities in making the telephone collection calls to Plaintiff and not providing the verification of the debt as requested by Plaintiff.

29. Defendants and its agents violated 15 U.S.C. § 1692c(c) by communicating with

Plaintiff, the consumer, after Defendants knew that Plaintiff had provided written notification that Plaintiff refused to pay the debt and that Plaintiff wished the Defendants to cease further communications with Plaintiff.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); actual and compensatory damages; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff incorporates Paragraphs 1 through 30.

32. The acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FCCPA with respect to Plaintiff.

33. This direct telephone contact by Defendants with Plaintiff constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

34. Defendants and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Defendants and its agent's acts as described above were willfully done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the above violation of the State of Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment in 'that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violation of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Section 559.77, Florida Statutes;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this **8** day of November 2012.

**DICESARE, DAVIDSON & BARKER, P.A.**

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
*(lmatlock@ddblaw.com; sperales@ddblaw.com)*
Attorney for the Defendant

*Complaint*
*Page 7 of 7*

∗ ∗ ∗ Communication Result Report ( Sep. 12. 2012 11:44AM ) ∗ ∗ ∗

1) DICESARE DAVIDSON BARKER
2)

Date/Time: Sep. 12. 2012 11:44AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 5413 | LAN-Fax Transmission | 8583096998 | P. 1 | OK | |

---

Reason for error
E. 1) Hang up or line fail      E. 2) Busy
E. 3) No answer                  E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

---

September 12, 1012

Sent via Facsimile: (858)-309-6303

Mid Land Credit Management
Attention Consumer Support Service
8875 Aero Drive Suite 200
San Diego, CA 92123

RE:   Creditor Account Number: ███████████
      Your Account Number: ███████

To Whom It May Concern:

Please allow this correspondence to serve as my formal notice of dispute of the above referenced debt and/or account, and that I refuse to pay this debt. Please notify the appropriate credit reporting agencies that I dispute this debt. Please send me any and all information you have regarding this disputed debt and/or account, including but not limited to: What the money you say I owe is for; Any credit application for this debt; Any contract that I signed for this debt; and, identify the original creditor by name, address and telephone number. Please send this requested information to the address below, so that I may take the necessary action to complete the dispute resolution process.

Further, you are instructed not to call me at my home, on my cell phone, or at my work number. If you attempt any telephone communication with me, I will consider it harassment. All future communications with me MUST be done in writing and sent to me by mail.

Finally, if you do not own this debt and/or account, I also request that you immediately send a copy of this dispute letter to the owner of this account and the original creditor so they are also aware of my dispute with this debt and/or account.

If you have any questions regarding this matter, please feel free to write me at your earliest opportunity.

Sincerely,

Barbara Ammon
4449 Dove Meadow Lane
Lakeland, Florida 33810-0016

"A"